Peck, J.
delivered the opinion of the court.
The court is called upon to settle the priority of contending execution creditors. i
On the 6th of November, 1833, Coffee recovered in the Overton county court, judgment against Matlock for seven hundred dollars. On the 23d of December, 1833, he caused execution to issue, hut which was not levied, and had no effect. On the 14th of March, 1834, another execution issued on Coffee’s judgment, and on that day was placed in the coroner’s hands, tested the first Monday of February, 1834. On the first day of November, 1833, the State Bank recovered against Matlock, in the Davidson county court, five several judgments; on the 19th of February, 1834, execution issued on three judgments, bearing teste the third Monday of January, 1834, and on the 14th of March, 1834, were placed in the hands of the coroner. He levied the executions of Coffee, of the Bank, and of others in his hands, on the personal property of Matlock, at the same time, and sold by virtue of them to the amount of seve,n hundred' and eight dollars. The amount levied will not satisfy the executions of the Bank, nor that of Coffee, and the question is, who is entitled to the money? The circuit court ordered it to be applied to the executions of the Bank, and refused to enter judgment against Wray, the coroner, in favor of Coffee; and we think correctly. The executions of the Bank, although emanating upon judgments recovered in another county, bound the personal property of the debtor equally with Coffee’s, as this courtheld in Hickman vs. Murfree (Mar. & Yer. Rep. 26); and being of the oldest test, were entitled to be first satisfied. They bound thepersonal property of Matlock from their teste. Peck’s Rep. 34, 35, 50, 51; 1 Yer. Rep. 291. The judgment will be affirmed. ,
Judgment affirmed.